FILED

2018 MAY 29  AM 10: 59

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIVIL ACTION NO.: 8:18cv 1275T30TGW

Jesse Blount,

    Plaintiff,

v.

Medicredit, Inc.

    Defendant.

_____/

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

Plaintiff, Jesse Blount ("Mr. Blount"), files this Complaint against Defendant Medicredit, Inc. ("Medicredit") and, in support thereof, states as follows:

### INTRODUCTION

1. The Complaint arises from Defendant's multiple and egregious violations of the following statutory and common-law violations: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*; (2) the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*; (3) the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §§ 559.55 *et seq.*; (4) the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 *et seq.*; and (5) invasion of privacy, for Defendant's numerous calls to

Plaintiff's cell phone using an illegal automatic dialing system in an attempt to collect an alleged debt.

2. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11.

3. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the time of call...." *Id.* at §§ 12-13. See also, *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. Plaintiff brings this action to challenge the conduct of Defendant Medicredit, with regard to attempts by Defendant to unconscionably and abusively collect debts allegedly owed by Plaintiff. Further, Plaintiff bring this action for damages and any other available legal or equitable remedies resulting from the actions of Defendant in their negligent and/or willful violations of the TCPA.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff allege on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

9. Pursuant to 28 U.S.C. § 1331, 47 U.S.C. § 227(b), and 28 U.S.C. § 1367, this Court has federal question jurisdiction to hear any federal claims and supplemental jurisdiction over any state claims.

10. This Court has federal question jurisdiction because this action arises out of Defendant's violations of a federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

11. Venue is proper in this United States District Court pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this judicial district and has a principal place of business in this district.

## PARTIES

12. Mr. Blount is an individual residing in Alachua County, Florida.

13. Medicredit is a foreign for-profit corporation registered to do business in the State of Florida. Defendant may be served with process through its registered agent at the following address: Medicredit, Inc., c/o C T Corporation System, Registered Agent, 1200 S. Pine Island, Plantation, Florida 33324.

14. Plaintiff does not know the exact identities of the creditors that own the debt that Defendant attempted to collect from Plaintiff. Upon information and belief, Plaintiff allege that each such creditor has expressly retained Defendant to act as its agent and has ratified Defendant's actions, including the violations of law described herein, by, among other things, knowingly accepting the benefits obtained by Defendant's actions. Plaintiff seeks discovery to identify these creditors and will seek to amend this Complaint to include these creditors as parties.

15. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all the agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

## FACTUAL ALLEGATIONS

16. Beginning in or around June 1, 2017, Defendant harassed, oppressed, and abused Mr. Blount in the form of making repeated calls to his cellular telephone number ending in 1202 using an automatic dialing

and/or predictive dialer system after repeated pleas to stop the harassing calls.

17. After receiving repeated calls from Defendant, Blount told a female agent of Medicredit to stop calling him on or around June 8, 2017. He identified himself, so that the agent knew she was speaking to Blount.

18. One other continued call was on or around June 16, 2017, when Blount spoke to another female agent. Blount also told the agent to stop calling, and that he had already told another of Defendant's agent to stop calling him. Blount again identified himself in that call as well, and the agent acknowledged that she understood what he was saying. Then Blount hung up the phone.

19. Blount still continued to receive numerous, harassing, and unwanted phone calls from Medicredit through its usage of an automatic telephone dialing machine to make the phone calls. It was obvious that Blount's pleas to various agents to stop calling did not register with it's system and that Blount was on some campaign schedule of sorts to be called. The agents did not have any knowledge of Blount's prior communications with Medicredit's other agents in which he told other agents to stop calling his cell phone.

20. On August 31, 2017, Blount sent a letter to Defendant memorializing the calls he had received to that point, requesting in writing that the calls stop, and requesting a cease and desist of all communications with him.

21. Despite telling Defendant twice verbally and once in writing to stop harassing him with phone calls, the calls persisted.

22. Defendant generally called Blount from (800) 823-2318. Its numbers were assigned to Defendant by its subscriber and/or numbers Defendant intentionally programed to display on Blount's Caller ID in order to mask it's identity and avoid detecting and/or evade any call blocking application on Blount's phone to avoid the harassing calls.

23. Blount clearly revoked any type of prior express consent, if prior express consent ever existed, to receive such calls.

24. Blount answered some of the above mentioned autodialed telephone calls from Defendant and asked Defendant to stop calling. Despite these clear and unmistakable requests, the calls continued without interruption. Each of these requests terminated any express or implied consent that Defendant may have had prior to beginning its campaign of harassment by telephone.

25. The calls by Defendant to Blount's cell phone continued, even after Blount's multiple revocations.

26. The calls to Mr. Taylor on his cellular telephone were made using an automatic telephone dialing system and/or using an artificial or prerecorded voice, prohibited under 47 U.S.C. § 227.

27. Specifically, Defendant used a dialer which capabilities include, among others, autodialing and predictive capabilities. The calls were not instantaneous, and when he answered, no one was on the line.

28. In addition, when Blount answered the calls from Defendant and picked up his phone, he also often times heard a silence, sometimes with two to three consecutive computerized clicks and/or beep tones,

before Defendant's representative picked up the line and started speaking to him.

29. The dialer had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. These calls were made by Defendant/or Defendant's agent or vendor, with Defendant's permission, knowledge, and control, for Defendant's benefit.

31. As a result of the telephone calls by Defendant, or its agent(s), Defendant violated 47 U.S.C. § 227(b)(1).

32. Through Defendant's actions, Blount suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

33. The unrelenting, repetitive calls disrupted Blount's daily activities and the peaceful enjoyment of his personal and professional life, including the ability to use his phone.

34. The calls were extremely intrusive upon Blount's relationships with close family members. Specifically, the calls came in during an especially difficult time for Blount and his family in that he and his family were mourning the loss of his brother.

35. The stress from the calls caused physical ailments including stomach aches, headaches, and exhaustion.

36. When he did communicate with family members, the nature of the calls, reason, and manner of the calls were the subject of conversations, which Plaintiff found embarrassing.

37. The emotional and physical stress he endured from the calls inadvertently permeated those communications and stained his relationships, as he was emotionally and physically stressed out from the calls and couldn't easily engage with him family members as he wished he could have.

38. Blount was personally affected, becoming frustrated and distressed that despite telling Defendant to stop calling his cellular phone, Defendant continued to harass him with collection calls using the illegal, computerized dialer.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. §§ 227 ET SEQ.

39. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including each and every one of the provisions of 47 U.S.C. § 227 regarding the use of an automatic and/or predictive dialer to call consumer's cell phones without their prior express consent.

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II
### KNOWING AND/OR WILLFUL OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. §§ 227 ET SEQ.

43. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

44. Each call after Plaintiff first requested Defendant stop calling his cell phone constitutes a knowing and/or willful violation of the TCPA.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiffs are each entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III
### VIOLATION OF THE FDCPA
### 15 U.S.C. §§ 1692-1692p ET SEQ.

48. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

49. The Fair Debt Collection Practices Act was designed to prevent abusive collection practices as the ones described within this complaint, and to protect the privacy of citizens like Mr. Blount.

50. Plaintiff is within the class of persons which the FDCPA was designed to protect.

51. Plaintiff is a consumer within the meaning of 15 U.S.C. 1692a(3).

52. Defendant is a debt collectors within the meaning of 15 U.S.C. 1692a(6).

53. The foregoing acts and omissions of Defendant constitute numerous and multiple egregious violations of the FDCPA. Specifically, Defendant's violations, include, but are not limited to, the following:

   1. Defendant violated 15 U.S.C. 1692d by calling Plaintiff numerous times in an attempt to harass, oppress, and abuse Plaintiff in the collection of a disputed debt;

   2. Defendant violated 15 U.S.C. 1692e(2) in using a false representation and deception that Plaintiff owed a debt;

   3. Defendant violated 15 U.S.C. 1692e(2) by falsely representing the character, amount, or legal status of a debt;

   4. Defendant violated 15 U.S.C. § 1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law; and

   5. Defendant violated 15 U.S.C. § 1692g in failing to send Plaintiff a debt validation letter within the prescribed time for sending such a letter.

54. As a result of Defendant's violations of 15 U.S.C. 1692, Plaintiff is entitled to an award of actual damages, statutory damages, for each and every violation, pursuant to 15 U.S.C. 1692k.

55. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights and safety of Plaintiff or his family. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount to be proven at trial.

### COUNT IV
### VIOLATION OF THE FCCPA
### FLA. STAT. §§ 559.55 *ET SEQ.*

56. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

57. Plaintiff is a consumer within the meaning of Fla. Stat. § 559.55(8).

58. Defendant are debt collectors within the meaning of Fla. Stat. § 559.55(7).

59. Defendant committed numerous and innumerable violations of Fla. Stat. § 559.72, including but not limited to the following:

   1. claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate;
   2. willfully communicate with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family;
   3. willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family;
   4. claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some

    other legal right when such person knows that the right does not exist; and

5. communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

60. As a result of Defendant's violations of Fla. Stat. § 559.72, Plaintiff demands judgment for damages against Defendant for actual and statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. § 559.77.

## COUNT V
## INVASION OF PRIVACY

61. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

62. Defendant had a duty to use care to not infringe on the privacy rights of Plaintiff when collecting on alleged debts and not to call Plaintiff countless times on schedule using a computerized dialer to harass and/ or abuse Plaintiff.

63. Defendant breached that duty by calling Plaintiff on his cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's requests to stop calling him.

64. Plaintiff was harmed and suffered injury as described above.

65. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff this harm and injury described above.

66. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant' conscious disregard for the rights of

Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in addition to their special, compensatory, and general damages.

## COUNT V
### FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### FLA. STAT. §§ 559.201. *ET SEQ*

67. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

68. Fla. Stat. § 501.204(1) prohibits "unfair methods of competition, unconscionable act or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce...."

69. Plaintiff is a consumer within the meaning of Fla. Stat. § 501.203(7).

70. By harassing, oppressing, and abusing Blount in calling him after his repeated requests to stop calling him, Defendant engaged in a deceptive act or unfair practice.

71. Defendant's deceptive conduct caused Plaintiff actual damages, including loss of the use of his phone.

72. As a result of Defendant's violations of Fla. Stat. § 501.204, Plaintiff demands judgment for damages against Defendant for actual and statutory damages, and punitive damages, attorney's fees and costs, pursuant to Fla. Stat. § 501.211.

## COUNT III
## NEGLIGENCE

2. Plaintiff realleges and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

3. Defendant had a duty to use care to not infringe on their privacy rights when collecting on an alleged debt and not to call Plaintiff multiple times daily to harass and/or abuse Plaintiff.
4. Defendant breached that duty by calling Plaintiff on his cellular telephone an excessive number of times, as discussed above, and continued to call despite Plaintiff's request that the calls stop.
5. Plaintiff was harmed and suffered injury as described above.
6. The negligence of Defendant was a substantial and proximate factor in causing Plaintiff's harm and injury described above.
7. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is each entitled to recover punitive damages from Defendant in addition to his special, compensatory, and general damages.

## COUNT IV
## NEGLIGENCE PER SE –
## TELEPHONE CONSUMER PROTECTION ACT

8. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint for this cause of action.
9. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff.
10. Plaintiff is within the class of persons which the TCPA is designed to protect.

11. As described above, Defendant breached their duty when they violated the TCPA.

12. Defendant's violation of the TCPA was a substantial and proximate factor in causing Plaintiff the harm and injury described above.

13. As said conduct was carried out by Defendant in an oppressive, malicious, despicable, gross and wantonly negligent manner, said conduct demonstrates Defendant's conscious disregard for the rights and safety of Plaintiff or his family. As such Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

## DEMAND FOR JURY DEMAND

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury on all issues so triable, including the issue of the amount of statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff JESSE BLOUNT prays that judgment be entered against Defendant Medicredit, and damages be awarded as follows:

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);
- Statutory damages of $1000 for each violation of the FCCPA pursuant to Fla. §§ 559.77(2);

- Statutory damages of $1,000 and actual damages pursuant to 15 U.S.C. §§ 1692 *et seq*;
- A permanent injunction, restraining and enjoining Defendant from communicating with Plaintiff in a manner that violates 47 U.S.C. §§ 227 *et seq*. or Fla. §§ 559.55 *et seq.*;
- Actual, special general, compensatory, and punitive damages;
- Reasonable attorneys' fees and costs; and
- Any and all other relief that the Court deems just and proper.

Respectfully submitted,

By: /s/ Ramona Ladwig
Ramona Ladwig
**HYDE & SWIGART**
Florida Bar No. 0048212
175 S.W. 7th Street
Miami, Florida 33130
Phone: (214) 880-6362
Fax: (800) 635-6425
ramona@westcoastlitigation.com

*Attorney for Plaintiff*
*Jesse Blount*